# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

United States of America,

     Plaintiff

v.

Jason Dawson,

     Defendant

Case No.: 2:21-cr-00254-JAD-DJA-1

**Order Granting Motions for Early Termination of Supervised Release, for Leave to File Under Seal, and for Appointment of Counsel**

[ECF Nos. 5, 6, 8]

     Jason Dawson moves for leave to file his financial affidavit under seal, for appointment of counsel, and for early termination of his supervised release.[1]  Because Dawson has demonstrated his inability to afford an attorney, I grant his motions for appointment of counsel and for leave to file his affidavit under seal.  And I grant his motion for early termination of supervised release because he meets the qualifying criteria.

## I.    Dawson is entitled to a court-appointed attorney.

     District judges have discretion to appoint counsel in criminal cases for "any person financially unable to obtain adequate representation."[2]  Eligibility for court-appointed counsel is determined by evaluating the defendant's financial affidavit under a deferential standard: "[a]ny doubts about a person's eligibility should be resolved in favor of eligibility."[3]  Dawson's financial affidavit establishes that he is unemployed and has no money in his savings or checking

---

[1] ECF No. 5; ECF No. 6; ECF No. 8.

[2] L.C.R. 44-1 (citing the Plan for Administration of the Criminal Justice Act (CJA) of 1964, https://www.nvd.uscourts.gov/wp-content/uploads/2021/01/CJA-Plan-Revised-12-2020.pdf).

[3] The Plan for Administration of the CJA of 1964 at 7–8.

1   accounts.[4]  This demonstrates Dawson's inability to afford an attorney, so I grant his request to

2   appoint counsel.

3   **II.      Dawson's financial affidavit will remain sealed.**

4          It is well-established that the Ninth Circuit "recognize[s] a 'general right to inspect and

5   copy public records and documents, including judicial records and documents.'"[5]  "This right is

6   justified by the interest of citizens in keeping a watchful eye on the workings of public

7   agencies."[6]  But "access to judicial records is not absolute."[7]  Ordinarily, "[w]hen ruling on a

8   motion to seal court records, the district court must balance the competing interests of the public

9   and the party seeking to seal judicial records."[8]  Courts in the Ninth Circuit and at least two other

10  circuit courts have recognized that such a standard doesn't apply to financial affidavits like the

11  one Dawson filed here because they are administrative, not judicial, in nature.[9]  I find that

12  reasoning persuasive and adopt it here.  Because Dawson's affidavit is an administrative

13  document that contains personal financial information that the public does not need access to, I

14  grant his request for leave to file the affidavit under seal.

15  _____

16  [4] ECF No. 7 (filed under seal).

17  [5] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

18  [6] *Id.* (cleaned up).

    [7] *Id.*

19  [8] *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir.
20  2012) (citing *Kamakana*, 447 F.3d at 1179).

    [9] *See, e.g.*, *U.S. v. Lexin*, 434 F. Supp. 2d 836, 847–49 (S.D. Cal. 2006) (finding that because
21  "[t]he documents containing the financial information of a [d]efendant requesting appointment of
    counsel that are submitted to the court are not related to the process of adjudicating whether
22  defendants are guilty or innocent of the crimes on which they are charged," such documents "are
    not judicial documents" and are instead "administrative documents not subject to disclosure to
23  the public or press."); *Morrison v. Dietz*, 2010 WL 395918, at *3 (N.D. Cal. Feb. 1, 2010).  At
    least two circuit courts have concluded the same.  *Boston Herald v. Connolly*, 321 F.3d 174 (1st
    Cir. 2003); *United States v. Gonzalez*, 150 F.3d 1246 (10th Cir. 1998).

**III.     Dawson is entitled to early termination of his supervised release.**

Dawson moves for early termination of supervised release, arguing that he has completed 18 months of supervision with no disciplinary issues and has a stable and supportive family.[10] Dawson further notes that his probation officer supports his request for early termination and she advises that, "[s]ince the start of supervision, Jason has been very focused on not letting his past dictate his future, he has surrounded himself with positive people, and [he] continues to make sure that he lives a positive life and becomes a role model for his children."[11]  The government does not oppose Dawson's motion.[12]

District courts have "broad discretion in determining whether to grant a motion to terminate supervised release."[13]  "After considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release" after the expiration of the first year of supervised release if the court "'is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'"[14]  There exists a presumption in favor of early termination for a defendant who has been on supervised release for at least 18 months and meets the following criteria: the person (1) is not a career drug offender or career criminal and hasn't committed a sex offense or engaged in terrorism, (2) presents no identified risk of harm to the public, (3) hasn't committed any court-reported violations for 12 consecutive months, (4) demonstrates the ability to self-manage beyond the supervision period, (5) is in

---

[10] ECF No. 8 at 3–4.

[11] *Id.* at 4.

[12] ECF No. 10.

[13] *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citing 18 U.S.C. 3583(e)(1); *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006)).

[14] *Emmett*, 749 F.3d at 819 (quoting 18 U.S.C. § 3583(e)(1)).

substantial compliance with his supervision conditions, and (6) "engages in appropriate prosocial activities and receives sufficient prosocial support" to conduct himself lawfully after supervision ends.[15]

Dawson has been under supervision for 18 months.[16]  Prior to his release, he served 42 months in prison after pleading guilty to one count of felon in possession of a firearm.[17]  Because he isn't classified as a career drug offender or career criminal and his crimes didn't include a sex offense or terrorism, he satisfies the first factor.  Dawson's compliance with the terms of his supervision for more than 18 months without committing any reported violations indicates that he does not present a danger to the public.

It appears that Dawson has built a healthy and stable life with his wife and children.[18] Dawson was previously gainfully employed at Apex Linens but, following the birth of his daughter, he determined it would be best for his family to become a stay-at-home parent.[19]  Since his release, Dawson has completed drug counseling and mental-health counseling.[20]  These activities demonstrate his ability to self-manage while "not . . . receiving any medical, educational, or vocational services through [p]robation."[21]  And importantly, the government does not oppose terminating his supervision.[22]  Because I find that Dawson meets the criteria

---

[15] *Guide to the Judiciary Policy*, Volume 8E, Chapter 3, § 360.20(c) (available only to the federal judiciary at http://jnet.ao.dcn/Guide/Index.html).

[16] ECF No. 8 at 3.

[17] *Id.* at 1.

[18] *Id.* at 3–4.

[19] *Id.* at 4.

[20] *Id.* at 3.

[21] *Id.*

[22] ECF No. 9.

triggering the presumption in favor of terminating his supervised release, I grant his motion and order his supervision terminated.

### Conclusion

IT IS THEREFORE ORDERED that Dawson's motion for early termination of supervised release **[ECF No. 8] is GRANTED**.  Dawson's supervision is TERMINATED.

IT IS FURTHER ORDERED that Dawson's motion for appointment of counsel **[ECF No. 5] is GRANTED *nunc pro tunc* to October 31, 2022**, and his motion for leave to file his affidavit under seal **[ECF No. 6] is also GRANTED**.  The Clerk of Court is directed to MAINTAIN THE SEAL on docket entry ECF No. 6.

_____
U.S. District Judge Jennifer A. Dorsey
November 29, 2022